

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

OCT 19 1979

PATRICIA D. HOWARD ·
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE GASOLINE LESSEE DEALERS )
ANTITRUST LITIGATION        )        DOCKET NO. 396

OPINION AND ORDER

------

BEFORE MURRAY I. GURFEIN, CHAIRMAN, AND ANDREW A.CAFFREY*,
ROY W. HARPER, CHARLES R. WEINER, EDWARD S. NORTHROP AND
ROBERT H. SCHNACKE, JUDGES OF THE PANEL.

PER CURIAM

Presently before the Panel are eight actions pending
in two federal districts, six in the Western District of
Missouri and two in the Eastern District of Pennsylvania.
Each of the Missouri actions involves the relationship
between the operators of Mobil Oil Company (Mobil) gasoline
service stations and Mobil.  The Pennsylvania actions involve
marketing practices between service station operators and
fifteen oil companies, including Mobil, that serve as the
operators' lessors and suppliers of gasoline.

The Pennsylvania actions, which were filed in 1971,
have been consolidated for all purposes.  The complaints
in these actions allege that fifteen oil companies, in
violation of Section 1 of the Sherman Act, since at least

------

*/   Judge Caffrey took no part in the decision of this
matter.

1957 have engaged in concerted conduct to tie the leasing
and subleasing of service station sites to the purchase
of gasoline[1] supplied solely by each operator's lessor.
Plaintiffs seek both damages and injunctive relief.

The Pennsylvania district court recently has certified
the actions as class actions on behalf of all lessees of
the defendants between May 11, 1967, and December 31, 1977,
for the damages claim, and on behalf of all present lessees
for injunctive relief.[2] The matter of notifying the class
members presently is sub judice.

The parties in the Pennsylvania actions engaged in
substantial discovery concerning the class action allegations,
and discovery efforts on the merits have been in progress
for some time.

_____

1/ As originally filed, the Pennsylvania actions "were
broad based attacks on the distributive, pricing, leasing
and real estate holding practices of the oil industry as
related to retail gasoline service station owners, dealers,
lessors and operators." Bogosian v. Gulf Oil Corporation,
62 F.R.D. 124, 127-28 n.3 (E.D.Pa. 1973). Plaintiffs
subsequently limited their claims to those concerning
defendants' sale of gasoline. Id. at 127-28.

2/ The Pennsylvania court had earlier denied class certi-
fication in these actions, Bogosian v. Gulf Oil Corporation,
62 F.R.D. 124 (E.D.Pa. 1973), and granted summary judgment
in favor of those defendants that had no business dealings
with the named plaintiffs, Bogosian v. Gulf Oil Corporation,
393 F. Supp. 1046 (E.D.Pa. 1975). The Court of Appeals
for the Third Circuit reversed the class action and summary
judgment determinations, Bogosian v. Gulf Oil Corporation,
561 F.2d 434 (1977), cert. denied, 434 U.S. 1086 (1978),
and on remand the district court certified the classes
described above. The Court of Appeals recently refused
to issue a writ of mandamus to the district court for allegedly
misconstruing and failing to comply with the appellate
court's 1977 opinion.

The Missouri actions were filed at various times between 1973 and 1976 and are all pending before a single district judge.[3/]   The complaints in these actions are very similar to one another, and basically allege that since at least 1969 Mobil, the sole defendant in these actions, has, individually and with co-conspirators,[4/] pursued, in violation of Section 1 of the Sherman Act, a uniform policy of conditioning the grant of a Mobil service station franchise upon the service station operator's agreement to purchase gasoline and certain other automotive products solely from Mobil. Alternatively, the Missouri plaintiffs claim that Mobil has violated Section 3 of the Clayton Act through a tying arrangement in which gasoline is the tying commodity and the tied commodities are motor oil, lubricants, tires, batteries and automobile accessories.   The geographic area

_____

3/   In February, 1979, Mobil moved, pursuant to 28 U.S.C.
§1404(a), to transfer the Missouri actions to the Eastern
District of Pennsylvania.   The Section 1404(a) motion was
denied in March 1979, without prejudice as premature,
at least in part because of the pendency of the petition
for a writ of mandamus in the Pennsylvania actions.   See
note 2, supra.


4/ Although the Missouri plaintiffs in their papers before
the Panel do not address the question of the identity of
the co-conspirators, the Pennsylvania plaintiffs have argued
before us that the Missouri plaintiffs "have made it abundantly
clear that [the unnamed co-conspirators do] not include
the major oil companies in the horizontal, practically
industry-wide conspiracy" alleged in the Pennsylvania actions.
A brief prepared by the Missouri plaintiffs for use in
the Missouri actions and attached to those  plaintiffs'
papers before us states in part as follows:  "With respect
to the claims of plaintiffs in the [Missouri actions],
the plaintiffs seek only to recover from Mobil the amount
by which they were directly damaged by reason of Mobil's
actions.   Proof of that arrangement involves only the lessee-
dealers and Mobil.   It does not involve the activities
of any other major oil company."

covered by each complaint includes the State of Kansas and certain counties located in Missouri and Nebraska (the Kansas City District).  Plaintiffs seek both damages and injunctive relief.

Four of the six Missouri actions have been commenced as class actions, and these four actions have been consolidated for the purpose of resolving class action issues. Plaintiffs seek to represent a class[5/] that consists of approximately 500 lessee dealers of Mobil who operated Mobil service stations in the Kansas City District during a period from October, 1970, through October, 1978, and in the metropolitan Kansas City area during the period from December 11, 1969, through October, 1978.[6/]  Although no class determination has yet been rendered, the parties have engaged in extensive discovery concerning class action issues,[7/] and briefing concerning these issues is scheduled to be completed in October, 1979.

---

5/ Plaintiffs seek to represent this class only with respect to plaintiffs' claims under Section 1 of the Sherman Act.

6/ The complaints in the purported Missouri class actions allege that the illegal tying arrangements are evidenced by written agreements and leases between proposed class members and Mobil, and by the general classwide conduct of Mobil.

7/ The parties to the Missouri purported class actions have, inter alia, taken depositions of all plaintiffs and some of their employees, depositions of Mobil employees in the Kansas City District, and depositions of numerous suppliers of gasoline and the other allegedly tied products in the Kansas City District.  Plaintiffs in these actions have also obtained a substantial number of documents from Mobil.  Plaintiffs represent that these documents, which are maintained in a document depository in Kansas City, Missouri, "relate not only to the Missouri class action issues, but also to the substantive merits of Missouri plaintiffs' individual and class claims, and many will be utilized at the class action hearing and at trials of the Missouri cases, whether or not a class action is certified."

The Missouri plaintiffs have advised the Panel that
discovery and other pretrial proceedings in one of the
two individual Missouri actions have been "substantially
completed," and that "substantial discovery" has been completed
in the other non-class Missouri action.

Mobil moves the Panel, pursuant to 28 U.S.C. §1407,
to transfer the Missouri actions to the Eastern District
of Pennsylvania for coordinated or consolidated pretrial
proceedings with the actions pending there. Plaintiffs
in the Pennsylvania and Missouri actions, as well as eleven
defendants in the Pennsylvania actions, oppose transfer.

We conclude that transfer under Section 1407 would
not necessarily serve the convenience of the parties and
witnesses or promote the just and efficient conduct of
this litigation.  Accordingly, we deny the motion to transfer.

Mobil argues that, except for the number of defendants
and geographic scope, the Missouri and Pennsylvania actions
are nearly identical.  Mobil contends that all actions
share a number of significant factual questions concerning
Mobil's marketing relationship with operators of Mobil
service stations, and that discovery and other pretrial
proceedings in each of the actions before us will focus
on whether Mobil, through an "express contractual tie-in,"
illegally tied the sale of gasoline to the leasing of service
stations.

Mobil concedes that plaintiffs in the Pennsylvania
actions will bear the added burden of proving that the

"express contractual tie-in" was the product of a horizontal
conspiracy, but maintains that the Pennsylvania plaintiffs
will simply argue that a horizontal "conspiracy" is to
be inferred as a matter of law from the same leases that
will be relied upon to establish the illegal tie-in.  Thus,
Mobil concludes, the vertical-horizontal conspiracy distinction
represents merely a difference in overall legal strategems
as applied to a common nexus of facts.

Under these circumstances, Mobil asserts, Section
1407 proceedings are necessary in order to eliminate the
possibility of duplicative discovery, prevent inconsistent
pretrial rulings, and conserve the time and effort of the
parties, the witnesses and the judiciary.  The need for
transfer is particularly compelling, Mobil maintains, because
the class sought in the Missouri actions is subsumed within
the classes already certified in the Eastern District of
Pennsylvania.

We do not find these arguments convincing.  While
we recognize that the Missouri and the Pennsylvania actions
share some questions of fact concerning Mobil's marketing
relationship with operators of Mobil service stations in
at least the Kansas City Market, the record before us reveals
critical factual and legal disparities between those actions.
The vertical-horizontal conspiracy distinction acknowledged
by all parties before us is not only a difference in legal
theories, but also entails a tremendous, overriding difference
in scope.  The essence of plaintiffs' claim in the Pennsylvania
actions is "that all [fifteen] defendants conspired [on

a nationwide basis] to impose tie-in arrangements on each
dealer and that without the agreement of all, none could
do so successfully." Bogosian v. Gulf Oil Company, supra,
561 F.2d at 453.  In the Missouri actions, however, the
entire claim is that a single defendant, Mobil, imposed
a tie-in on Mobil dealers in a relatively limited geographic
area to compel the purchase of gasoline and several other
diverse products.  If transfer were ordered, we are convinced
that discovery and other pretrial proceedings concerning
the common factual questions would clearly be dwarfed by
matters of no interest to the Missouri plaintiffs, and
of only minimal interest to Mobil in the context of the
Missouri actions.  Thus we find that individual rather
than common factual questions predominate in the Missouri
actions and the Pennsylvania actions.

The significance of the common factual questions is
further diminished by the advanced stage of pretrial proceedings
in the Missouri and Pennsylvania actions, and by the length
of time these actions have been pending.  Inclusion of
the actions now before us in coordinated or consolidated
pretrial proceedings would, we are convinced, disrupt the
orderly progress that is presently being made in the actions
in each respective district and would result in no significant
benefits to the parties, the witnesses or the judiciary.
See, e.g., In re Magic Marker Securities Litigation, 470
F. Supp. 862 (J.P.M.L. 1979); In re Women's Clothing Antitrust
Litigation, 455 F. Supp. 1388, 1390-91 (J.P.M.L. 1978).

We emphasize that the parties can easily take steps to coordinate whatever common discovery remains to be accomplished in these actions.  For example, notices of a particular deposition could be filed in all actions, thereby making the deposition applicable in each action; the parties could seek to agree upon a stipulation that any past and future discovery relevant to all actions may be used in any action; and any party could seek orders from the two district courts directing the parties to coordinate their remaining common pretrial efforts.  See In re Women's Clothing Antitrust Litigation, supra, 455 F. Supp. at 1391.  See also Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 1977).

We recognize that some members of the purported class in four of the Missouri actions are included in the classes already certified in the Eastern District of Pennsylvania. We are persuaded, nevertheless, that the circumstances of this particular litigation do not warrant transfer under Section 1407 and that communication and cooperation between the two concerned district courts, if viewed appropriate by those courts, coupled with the cooperation of the parties, would minimize the possibility of conflicting class action or other pretrial rulings. See In re Royal American Industries, Inc. Securities Litigation, 407 F. Supp. 242, 244 (J.P.M.L. 1976); Manual for Complex Litigation, supra, Part I, §5.40.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the motion to transfer the actions pending in the Western District of Missouri and listed on the following



Schedule A to the Eastern District of Pennsylvania be,
and the same hereby is, DENIED.

DOCKET NO. 396
Schedule A

| WESTERN DISTRICT OF MISSOURI | Civil Action No. |
|---|---|
| Terry Smith, etc. v. Mobil Oil Corporation | 74CV585-W-4 |
| James C. Higgins v. Mobil Oil Corporation | 75CV398-W-3 |
| William M. Page v. Mobil Oil Corporation | 75CV399-W-2 |
| Williams and Gaines, Inc. v. Mobil Oil Corporation | 75CV682-W-4 |
| Bob S. Ford, etc. v. Mobil Oil Corporation | 73CV289-W-3 |
| Harold Rice v. Mobil Oil Corporation | 76CV469-W-4 |

| EASTERN DISTRICT OF PENNSYLVANIA | |
|---|---|
| Paul J. Bogosian, etc. v. Gulf Oil Corporation, et al. | 71-1137 |
| Louis J. Parisi, etc. v. Gulf Oil Corporation, et al. | 71-2543 |